UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| KENNETH LANIER,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. 12cv3134-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 20, 25. Attorney D. James Tree represents plaintiff (Lanier). Special Assistant United States Attorney L. Jamala Edwards represents defendant (Commissioner). The parties consented to proceed before a magistrate judge. ECF No. 12. After reviewing the administrative record and the briefs filed by the parties, the court **grants** defendant's motion for summary judgment, ECF No. 25.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

Lanier applied for disability insurance benefits (DIB) on March 17, 2010 alleging disability beginning August 13, 1999 (Tr. 149-55). The claim was denied initially and on reconsideration (Tr. 83-85; 89-90). Administrative Law Judge (ALJ) James W. Sherry held a hearing March 30, 2012. Medical and vocational experts and Lanier testified (Tr. 37-80). On May 23, 2012, the ALJ issued a partially favorable decision (Tr. 12-23). On July 6, 2012, the Appeals Council notified the parties it was taking review on its own motion, and entered findings after consideration (Tr. 1-7). On November 1, 2012 Lanier appealed pursuant to 42 U.S.C. §§ 405(g). ECF No. 1, 5.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the decisions below and the parties' briefs. They are only briefly summarized as necessary to explain the Court's decision.

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall

be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 3

not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

After determining Lanier was disabled beginning August 13, 1999, the ALJ was then required to determine whether disability continued through the date of the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 4

decision by performing the seven step sequential evaluation process pursuant to Title II benefit regulation. 20 C.F.R. § 404.1594 (Tr. 14-15). The ALJ ultimately found disability ended January 1, 2005, due to medical improvement.

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman*

*v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**ALJ'S FINDINGS**

At step one, the ALJ found Lanier did not work at substantial gainful activity levels after onset in 1999 (Tr. 15). At step two, he found Lanier suffers from morbid obesity, lumbar degenerative disc disease (DDD) with facet joint disease at L4-L5 and status post fusion with fixation and removal in 2003; and epidural fibroids, impairments that are severe (Tr. 16). He found that from onset through December 31, 2004, Lanier's DDD of the lumbar spine medically equaled Listing 1.04A (Tr.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 6

16-17). [Dr. Lorber opined Lanier no longer met Listing 1.04 as of March 2, 2004 (Tr. 46).] The ALJ found Lanier was disabled from August 13,1999 through December 31, 2004 (Tr. 17).

The ALJ found Lanier medically improved beginning January 1, 2005, and did not develop any new severe impairment after that date (Tr. 17). He proceeded to perform the second set of steps as required.

At step two, the ALJ found there was medical improvement, as indicated. At step three he found the improvement is related to the ability to work because it resulted in an increased capacity to perform basic work activities. Having found Lanier's improvement increased his ability to work, the ALJ determined Lanier's current impairments in combination are severe but did not meet or equal the Listings after January 1, 2005 (Tr. 18). At step six, he found Lanier has the residual functional capacity to perform a range of sedentary work, and can perform his past job as a telemarketer (Tr. 18, 21). Alternatively, at step seven, ALJ Sherry found Lanier is able to perform other jobs, such as assembler and final inspector (Tr. 22-23). Accordingly, the ALJ found Lanier's disability ended January 1, 2005 (Tr. 23).

## APPEALS COUNCIL'S FINDINGS

The Appeals Council found:

(1) The claimant filed an application for a period of disability and disability insurance benefits on March 17, 2010. He met the special earnings requirements of

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 7

the Act on August 13, 1999, the date he became unable to work, and met them through September 30, 2004.

(2) The claimant was under a disability as defined by the Social Security Act from August 13, 1999 through December 31, 2004 but was not entitled to DIB or a period of disability based on sec 216(i) and 223(b) of the Social Security Act. (Tr. 4).

(3) The claimant's disability ended on January 1, 2005.

(4) Based on the date the claimant filed the application for Title II benefits, March 17, 2010, he is not entitled to a period of disability or disability insurance benefits. This is because an application must be filed while the claimant is disabled, or no more than 12 months after entitlement would have ended. In the present case, there is no basis to extend the time for filing (Tr. 5).

(5) Claimant has also alleged a second period of disability beginning April 1, 2009. The claimant is not entitled to a later period of disability and disability insurance benefits based on disability beginning April 1, 2009, because his insured status expired September 30, 2004 (Tr. 5-6).

As noted, the Appeals Council reversed the ALJ's finding of disability for a closed period, stating that, based on the application filed on March 17, 2010, the claimant is not entitled to a period of disability or disability insurance benefits under sections 216(i) and 223, respectively, of the Social Security Act (Tr. 5-6).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 8

**ISSUES**

The court considers whether Lanier is eligible for what is called a "retroactive disability freeze." The Appeals Council found that he is not (Tr. 136). Lanier next alleges the ALJ erred when he failed to consider whether plaintiff was disabled from April 1, 2009 to the present. ECF No. 20 at 2, 8-11. The Commissioner answers that the ALJ properly reviewed the evidence for both time periods. ECF No. 25 at 8-13. Third, Lanier challenges the RFC and disability determination. ECF No. 20 at 8-11. The Commissioner answers that the ALJ's findings are factually supported and free of harmful legal error. She asks the court to affirm the Appeals Council. ECF No. 25 at 13-16.

The first issue is dispositive as a matter of law.

**DISCUSSION**

*A. Benefits for closed period and disability "freeze"*

The ALJ found Lanier eligible for benefits during the closed period of August 13, 1999 through December 31, 2004 (Tr. 17). As noted, the Appeals Council found this was error as a matter of law and reversed. Lanier alleges the Appeals Council erred, while the Commissioner answers that the AC is correct as matter of law and should be affirmed. ECF No. 20 at 2,  25 at 6-8.

If Lanier is eligible, a "freeze" may operate to support the ALJ's finding of disability for a closed period. A "freeze" preserves insured status during a period of

disability. Only certain individuals are entitled to a freeze, as the parties acknowledge. *See* Program Operations Manual Systems (POMS) DI 26001.005.

The Commissioner alleges Lanier does not qualify for a [regular] freeze due to the delay in filing his application. A person is not entitled to a regular freeze if he or she applies for benefits and is awarded a period of disability after the claimant's insured status expires (that is, after the date last insured). ECF No. 25 at 7. The Commissioner is correct.

Here, Lanier applied for benefits in March 2010, was awarded benefits in May 2010, and both of these dates are after his insured status expired on September 30, 2004. He was therefore not entitled to a "regular" freeze.

The court next considers whether Lanier is entitled to a retroactive disability freeze. A claimant only qualifies for this if the claimant **files an application no later** than (1) 12 months after attaining full retirement age, or (2) **12 months after disability termination, whichever is earlier**. 20 C.F.R. § 404.320(b)(3); POMS DI 10105.005, DI 10105.015; 20 C.F.R. §§ 404.322, 404.621(d). *See also Flaten v. Secretary of Health & Human Services*, 44 F.3d 1453, 1460 (9th Cir. 1995).

Lanier filed his benefit application March 17, 2010 (Tr. 5, 12). His disability ended January 1, 2005 due to medical improvement (Tr. 5, 17). As the Commissioner correctly observes, more than 12 months elapsed between disability termination and the date he filed an application for benefits. This means Lanier is

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 10

not eligible for a retroactive disability freeze. ECF No. 25 at 7.

Unfortunately for Lanier, because he does not qualify for a freeze, the normal rule applies. See 20 C.F.R. § 404.621(a). This provides that an individual entitled to benefits based on a disability claim may receive such benefits up to 12 months immediately before the month in which an application is filed.

Here, the closed period of disability began August 13, 1999 and ended December 31, 2004, as noted by both the ALJ and the AC (Tr. 5, 17). As the AC correctly points out, the application for disability benefits filed March 17, 2010 is only retroactive for one year prior to that date. Thus, the claimant is not eligible for benefits before March 2009, and his disability ended prior to that date, on December 31, 2004 (Tr. 5-6, 136). Because Lanier was not insured within 12 months of his application for benefits, the AC properly found Lanier is not entitled to benefits as a matter of law.

*B. Alleged second period of disability beginning April 1, 2009*

Next, Lanier alleges he should be found disabled for a different period, in addition to that found by the ALJ, beginning April 1, 2009. As noted, Lanier's last insured date was September 30, 2004, meaning his insurance clearly expired before 2009. As the Appeals Council correctly found, this means he cannot be found disabled beginning in 2009 as a matter of law (Tr. 5). The Appeals Council further found that, because the first period could not be established (see above), the date last

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 11

insured could not be extended (Tr. 5). The Council, therefore, correctly found Lanier is not entitled to a later period of disability based on onset as of April 1, 2009, because his insured status expired September 30, 2004 and there is no available basis for extending his last insured date (Tr. 5-6).

The statutory schema requires that a disability be continuously disabling from the time of onset during insured status to the time of application for benefits, if an individual applies for benefits for a current disability after the expiration of insured status. *See Flaten v. Sec'y of Health & Human Servs*, 44 F.3d at 1458, 1460 (9th Cir. 1995), citing *Chevron, U.S.A., Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 842–43 (1984). Lanier fails to make, and cannot make, this showing.

Because this issue is dispositive the court does not address Lanier's remaining contentions. It is unfortunate that there does not appear to be a basis within the statutory framework to uphold the ALJ's determination and award benefits for the closed period.

## CONCLUSION

After review the Court finds the ALJ's decision contains harmful legal error, but the decision of the Appeals Council is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

Defendant's motion for summary judgment, **ECF No. 25**, is **granted.**

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 12

1   Plaintiff's motion for summary judgment, ECF No. 20, is denied.

2   The District Court Executive is directed to file this Order, provide copies to

3   counsel, enter judgment in favor of defendant and **CLOSE** the file.

4   DATED this 8th day of January, 2014.

5                                              *S/ James P. Hutton*

6                                              JAMES P. HUTTON
                                               UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 13